REICHENBACH et al. v. HARRIS et al.

(Supreme Court, Appellate Term. November 24, 1908.)

JUDGMENT (§ 143*)—VACATING JUDGMENT—GROUNDS—SUFFICIENCY.

The depositions in support of a motion to vacate a default judgment against movant on the ground that he was not served, and was not a partner of the codefendant served, showed that the movant never knew of the contract sued on, or of the action until after judgment, that he was not a partner of the codefendant, but that his wife was a copartner. Movant and the codefendant and their witnesses had a limited knowledge of English, and movant needed an interpreter to understand papers presented to him. *Held* to require the setting aside of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 272, 289; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Reichenbach and others against Davis Harris and another. From an order denying a motion to set aside a default judgment against defendant Davis Harris, he appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Chandler A. Oakes, for appellant.

PER CURIAM. Davis Harris here appeals from a judgment entered against himself and Michael Jabaly upon a guaranty signed "Harris and Jabaly," and from an order denying a motion to open his default; i. e., to vacate and set aside as to him the judgment in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the action wherein only Michael Jabaly was served, but a reputable attorney appeared for both. Proof or admission of a partnership between the defendants was vital. Of that upon the trial there was almost no evidence. The credit man of the plaintiff was led to testify he knew who composed the firm and that they were Davis Harris and Michael Jabaly. Michael Jabaly testified on cross-examination that the firm was composed of Davis Harris and his wife Fahda Jabaly, but, when the counsel who appeared for the defendants asked Michael whether Mrs. Harris was his partner's wife, he said "Yes," and Mrs. Harris said "yes," when he asked if Michael were her husband's partner.

The depositions on the motion to set aside this judgment call for strict scrutiny of the evidence upon which it rests. Davis Harris, who here appeals, deposes he never knew of the guaranty, never knew that the action was against himself until the sheriff came in with the execution; that he was not a partner of Michael Jabaly, but of his wife, Fahda Jabaly; and that, although he called upon the lawyer who tried the case, he did so to help his partner's husband, for whom he paid a counsel fee. These statements are confirmed with verisimilitude in depositions of Michael Jabaly and of the two women, Fahda Jabaly and Fannie Harris. They are sensibly corroborated by the attorney and counsel who appeared and tried the cause, in this: that his talk with Harris was about his fee which Harris paid, significantly concluding with: "I understood that I represented him as one of the defendants." This affords explanation of the course of the trial. Thus assuming to act for partners because the defense was put into his hands by a person of the same surname as one of the defendants, the learned counsel conducted the trial as if the admission of a partnership were foregone. The persons made defendants and their witnesses were not of the vernacular, but Syrians, and Harris at least says his knowledge of English was so limited he had needs have a Syrian interpreter to understand papers presented to him. Under the circumstances, and there being no contradiction by the plaintiffs of the facts deposed to in the affidavits plausibly excusing the default of Harris to defend the action, it would have been discreet to set aside the judgment upon terms.

The order appealed from is reversed.

GILDERSLEEVE, P. J., and MacLEAN, J., concur.

SEABURY, J. (concurring). Judgment was rendered against the firm of Harris & Jabaly in favor of the plaintiffs. From this judgment the defendant Davis Harris appeals. There is no competent evidence in the record to show that Davis Harris was a member of the firm of Harris & Jabaly. The credit man of the plaintiffs, without having shown that he had any knowledge of the matter, was permitted, over the objection and exception of the defendant, to testify that Davis Harris was a member of the firm of Harris & Jabaly. The plaintiff could not prove the copartnership of the defendants by having their credit man testify to this conclusion. In the absence of evidence of copartnership, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.